PRESTON C. RICHARDSON v. CARRIE COLBURN.

October 19, 1899.

Nos. 11,784—(132).

### Gift—Delivery—Charge to Jury.

In an action by the administrator of the estate of a deceased husband against the widow to recover possession of certain personal property, in which the widow interposed the defense that her husband had in his lifetime made her a gift of the property, the sole issue litigated on the trial was as to whether there had been a delivery of the property to the wife by the husband in his lifetime, such as would constitute a valid, executed gift. The widow testified to a state of facts which, if true, constituted a valid, actual, manual delivery. Upon the trial counsel for the defendant expressly disclaimed any other delivery than the one thus testified to by her. Thereupon the court, without objection by either party, instructed the jury that as a matter of law the facts testified to by the defendant would constitute a sufficient delivery, and that, if they found the facts to be as testified to by her, their verdict should be for the defendant, otherwise it should be for the plaintiff; thus narrowing the issue to the single question of the truthfulness of the defendant's testi-

mony as to a delivery. *Held*, that this instruction fully covered the whole case, as thus limited, and that there was no error in refusing to give other instructions as to what would or would not constitute a valid delivery.

Action in the district court for Hennepin county by plaintiff as administrator of the estate of Chester J. Colburn, deceased, to recover possession of certain certificates of stock, or judgment for $7,000, the value thereof. The case was tried before McGee, J., and a jury, which found in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Roberts & Sweet*, for appellant.

*John H. Steele*, for respondent.

MITCHELL, J.

This action was brought to recover possession of certain certificates of stock in a savings and loan association which plaintiff alleges belong to the estate of his intestate. The defendant, who is the widow of the intestate, claims that her husband, in his lifetime, made her a gift of the stock. The evidence was undisputed that in his lifetime the husband executed upon the back of the certificates written assignments of the stock to his wife. There was practically no conflict in the evidence as to his intention to make a gift of the stock to his wife. Hence the only issue on the trial (and the court expressly so instructed the jury) was whether there had been a delivery of the stock certificates to the defendant by her husband in his lifetime, so as to constitute a valid, executed gift.

The defendant testified that her husband on a certain occasion took the certificates from a drawer in which he had kept them, wrote and signed the indorsed assignments to her, and then handed her the certificates, accompanied by a declaration of an intention thereby to make her a gift of the stock; that she thereupon took the certificates and put them in a bureau drawer in her room, upstairs, where she kept other papers of a similar character belonging to her; and that they remained there until after her husband's death. The evidence introduced by the plaintiff consisted of testimony tending to impeach this statement of the defendant, to wit, inconsistent statements alleged to have been previously made by her before the

probate court in the proceedings for the appointment of an administrator of her husband's estate.

As already suggested, it was conceded that the husband had indorsed upon the certificates assignments of the stock to his wife. Hence the case was tried throughout upon the theory that a delivery was necessary to constitute a valid gift, and, by necessary implication, that the execution of the written assignments would not, in and of itself, constitute a delivery. When the court came to charge the jury, he inquired of defendant's counsel if it was claimed that there was any other delivery than the one testified to by her; to which her counsel replied, "No;" thus disclaiming any other delivery, and consenting to stand exclusively upon the one testified to by the defendant. Thereupon the court instructed the jury that, as a matter of law, if they found the facts to be as testified to by the defendant, they constituted a sufficient delivery, and their verdict should be for the defendant, but, on the other hand, if the intestate did not at that time deliver the certificates to the defendant, as testified to by her, then their verdict should be for the plaintiff. This narrowed (and properly so) the whole case down to the single question of the truthfulness of the defendant's testimony as to the delivery, and the instruction given in this concrete form fully covered the case as thus narrowed. Any instructions as to the law of delivery, or what would constitute a sufficient delivery, would, under the circumstances, have been wholly unnecessary, and would have rather tended to confuse or mislead the jury. The verdict was for the defendant, and no claim is made that the evidence did not justify it.

The burden of plaintiff's assignments of error is that the court did not fully instruct the jury upon the law as to what would or would not be a sufficient delivery to constitute a valid gift inter vivos, in that the court refused to instruct the jury:

(1) "That it was necessary, in order to make a valid delivery, that the defendant prove, by other evidence than the indorsements on the back of the certificates and the present possession of the property, a manual and physical delivery of the property to her."

(2) "That in order to find a verdict for the defendant, it will be necessary for you to find, not only that the defendant knew of the

assignment of the stock to her, but also that the deceased had actually delivered the certificates of stock to her before his death; that is, that the deceased had put the certificates out of his control, and into the exclusive control of the defendant."

Assuming, without deciding, that these requests were good law, we are clearly of opinion that, in view of the theory upon which the case was tried throughout, and the fact that under the disclaimer of counsel, and the subsequent action of the court, narrowing the issues in the case to the single question whether there was an actual, manual delivery of the certificates at the time and in the manner testified to by the defendant, and the express instruction to the jury that their verdict should depend upon how they found that fact to be, the jury could not have misunderstood the charge as given, which fully covered the whole case as submitted to them, and therefore there was no prejudicial error in refusing to give the further instructions asked for. The exception to the charge which is the basis of the first assignment of error was too general and indefinite to be available to the appellant.

Order affirmed.

An application for a reargument having been made, the following opinion was filed November 13, 1899:

MITCHELL, J.

Part of the stock certificates in dispute were claimed by the defendant to have been given to her in January and a part in March, 1898. As to those alleged to have been given in March, the evidence was undisputed that the deceased, with the intention and for the purpose of making a gift of the stock to the defendant, indorsed upon the certificates assignments to her, took them to the office of the corporation, and surrendered them, and that at his request the corporation issued, in lieu of them, new certificates running to the defendant, gave them to the deceased, and made a transfer of the stock to the defendant on its stock books. As to those claimed by defendant to have been given to her in January, the evidence of delivery was as stated in the original opinion.

Upon an application for a reargument plaintiff calls our attention to the fact that the instructions of the court quoted in the opinion

were given solely with reference to the stock claimed to have been transferred in March. A re-examination of the charge discloses that this is the fact. But this will not change the result. As stated in the original opinion, it was not disputed that the deceased executed upon the back of the certificates claimed to have been delivered to the defendant in January assignments to her, leaving the only issue as to these certificates the question of delivery. The facts testified to by the defendant constituted, as a matter of law, a good delivery. No other delivery, either actual or constructive, was claimed or suggested on the trial. The only difference in that regard between the stock certificates claimed to have been delivered in January and those in March was that in the former there was no express disclaimer of any other delivery than the one testified to by the defendant. Hence the whole case came down to the question of defendant's veracity. The fact of the deceased's indorsement of assignments of the certificates to the defendant with the intention of making a gift of them to the defendant being conceded, the case was tried throughout and submitted to the jury on the theory that this was not of itself sufficient to constitute a delivery, but that, in addition to the assignments, there must have been a surrender of the dominion and control over them to the defendant. The jury could not have otherwise understood the charge of the court, for, on the conceded facts, there was no other question for them to decide. This understanding was further impressed upon them by the remark of the judge, when requested to give the first instruction referred to in the opinion, which was:

"The court has not charged the jury that the assignment on the back of the certificates and the present possession are sufficient to entitle the defendant to recover on the issue of delivery."

Therefore, although the request was, in form, refused, there was no prejudicial error. The same thing is true, and for substantially the same reasons, in regard to the refusal to give the plaintiff's second request.

Application for reargument denied.